# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY HOLLAND, | : | CIVIL NO: 1:13-CV-1841 |
| | : | |
| Petitioner, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| DAVID EBBERT, WARDEN, | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

I. **Statement of Facts and of the Case**

The instant habeas corpus petition represents what is undeniably a second and successive post-conviction petition filed by the petitioner, a federal inmate serving a life sentence, and a consecutive five year jail term following his conviction on drug and firearms charges in 2002. The background of this successive petition was aptly described by the United States Court of Appeals for the Third Circuit in 2012 when it affirmed the denial of Holland's prior, successive habeas corpus petition. At that time the court explained that:

> In 2002, Holland was convicted after a jury trial in federal court of manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base, using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and other offenses. Holland received two concurrent life sentences to be followed by a 60–month consecutive sentence for the firearms conviction. We affirmed the judgment of

conviction and sentence on direct appeal and the United States Supreme Court denied Holland's petition for a writ of certiorari.

In 2004, Holland filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion on the merits and this Court denied Holland's request for a certificate of appealability. In 2007, Holland filed two motions in District Court, which were dismissed because they were in substance second or successive § 2255 motions that required our approval before the District Court could entertain them.

In 2009, Holland filed a habeas petition pursuant to 28 U.S.C. § 2241 in District Court. Holland challenged his firearms conviction under Watson v. United States, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007), which held that a person who trades drugs for a firearm does not "use" a firearm during and in relation to a drug trafficking crime within the meaning of § 924(c). Holland claimed that under Watson his conduct was no longer criminal. The District Court dismissed the petition for lack of jurisdiction, concluding that Holland did not meet his burden to show that § 2255 was an inadequate or ineffective remedy, which would allow him to bring his claim under § 2241. Significantly, Holland did not appeal.

Almost eight months later, Holland filed a motion to reopen in District Court asserting that the District Court erred in dismissing his § 2241 petition and noting that, after his § 2241 petition was dismissed, another judge in the Middle District had allowed a prisoner to pursue a claim under Watson pursuant to § 2241. The District Court construed Holland's filing as a motion for reconsideration and denied it as untimely. We affirmed on appeal, deciding that the District Court did not err in treating the filing as a motion for reconsideration or in finding the motion untimely filed. We further concluded that, even if the filing was construed as a motion pursuant to Federal Rule of Civil Procedure 60(b), relief was not warranted because no extraordinary circumstances were present and Holland could have challenged the dismissal of his § 2241 petition on appeal.

In 2011, Holland filed another petition for a writ of habeas corpus pursuant to § 2241 in District Court challenging his firearms conviction under Watson. The District Court ruled that the habeas petition was tantamount to a successive § 2241 motion and dismissed it pursuant to 28 U.S.C. § 2244(a). The District Court explained that Holland had unsuccessfully pursued the same matter before.

Holland v. Holt, 461 F. App'x 198, 199-200 (3d Cir. 2012) cert. denied, 133 S. Ct. 756, 184 L. Ed. 2d 500 (U.S. 2012).

Presented with this tortured procedural history, the court of appeals affirmed the dismissal of Holland's 2011 habeas corpus petition as a second and successive petition, stating:

> A district judge is not required to entertain a habeas petition filed by a federal prisoner if it appears that a federal court has determined the legality of the prisoner's detention on a prior habeas petition, except as provided in § 2255. 28 U.S.C. § 2244(a). By its terms, § 2244(a) applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States, including a § 2241 petition. Queen v. Miner, 530 F.3d 253, 255 (3d Cir.2008) (per curiam). There is no question that a district judge may dismiss a § 2241 petition challenging the execution of a sentence that raises issues that were, or could have been, decided in a previous habeas action. See Queen, 530 F.3d at 255; Valona v. United States, 138 F.3d 693, 695 (7th Cir.1998); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997).
>
> It follows from the above authority that § 2244(a) also bars a successive § 2241 petition such as Holland's petition, which seeks to challenge the validity of his conviction. The legality of Holland's detention was previously determined on the merits in his § 2255 proceeding. As noted above, in his first § 2241 proceeding, the District Court held that Holland did not show that § 2255 was an inadequate or ineffective

3

remedy, which would have allowed him to bring his claim under Watson under § 2241. To the extent Holland disagreed with that decision, his remedy was to appeal. Because Holland seeks to re-litigate a claim that the District Court previously dismissed, we find no error in the District Court's decision to dismiss Holland's § 2241 petition.

Holland v. Holt, 461 F. App'x 198, 200 (3d Cir. 2012) cert. denied, 133 S. Ct. 756, 184 L. Ed. 2d 500 (U.S. 2012).

It is against this backdrop that Holland filed the instant habeas corpus petition on July 3, 2013. An examination of the petition reveals that it is virtually identical to both the 2009 petition and the 2011 petition that was denied as a second and successive petition in Holland v. Holt, 461 F. App'x 198, 199-200 (3d Cir. 2012).

For the reasons set forth below, we find that the passage of time has not made this petition any less successive than the five petitions which preceded it. Therefore, it is recommended that this petition be denied, without prejudice to Holland making a proper application to the court of appeals for leave to file a successive petition.

**II.   Discussion**

This petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section

2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal pursuant to Rule 4 is appropriate here since in this case Jeffery Holland seeks to pursue what is undeniably a second and successive federal habeas corpus petition challenging his 2002 federal firearms conviction and sentence. Prisoners, like Holland, seeking habeas relief must satisfy specific, and precise, procedural standards. These procedural prerequisites include a requirement that: "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

> Pursuant to this gate-keeping function, AEDPA instructs the courts of appeals to dismiss any claim presented in a second or successive petition that the petitioner presented in a previous application. See 28 U.S.C. § 2244(b)(1). If a petitioner presents a *new* claim in a second or successive habeas corpus application, we must also dismiss that claim unless one of two narrow exceptions applies:
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> Id. § 2244(b)(2)(A)-(B)(ii). Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition "acts as a jurisdictional bar." United States v. Key, 205 F.3d 773, 774 (5th Cir.2000).

Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Judged against these yardsticks, Holland's latest habeas corpus petition fails since this petition is undeniably a successive petition. Indeed, it is clear that this is at least the *sixth* post-conviction petition Holland has filed in federal court.[1] Since this petition is undeniably a successive petition, it is clear that Holland's pathway to relief does not lie in the first instance with this Court. Rather,"[t]he Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), places the federal courts of appeals in the role of 'gate-keeper,' charging

---

[1] As noted in Holland v. Holt, 461 F. App'x 198, 200 (3d Cir. 2012) cert. denied, 133 S. Ct. 756, 184 L. Ed. 2d 500 (U.S. 2012) this petitioner filed a §2255 petition in 2004, two §2255 petitions in 2007, a §2241 petition in 2009, another §2441 petition in 2011, before filing the instant §2241 petition in 2013.

them with the responsibility of 'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction [or sentence].' Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir.2009)." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011).

Therefore, Holland is not free to simply re-state this claim in a sixth petition filed with the district court. Instead, he must follow the course prescribed by law, he must first present that claim to the court of appeals and must show that: "one of two narrow exceptions applies: (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011). Given that Holland has not followed this course mandated by law, this petition must be dismissed since: "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.' United States v. Key, 205 F.3d 773, 774

(5th Cir.2000)." Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Petition be DISMISSED without prejudice to Holland requesting leave from the court of appeals to pursue a second and successive federal habeas corpus petition.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of July 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge